IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MINH NGUYEN, as personal representative of Michelle Nguyen, | ) ) ) | Civil No. 24-00157 HG-KJM |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO PROSECUTE |
| vs. | ) ) | |
| CLANCY GREFF and KONA ZODIAC LTD., | ) ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT FOR FAILURE TO PROSECUTE

On April 4, 2024, Plaintiff Minh Nguyen, as personal representative of Michelle Nguyen ("Plaintiff"), filed a Complaint. ECF No. 1. At the time, Plaintiff was represented by counsel. On May 7, 2025, Plaintiff's attorneys moved to withdraw due to "irreconcilable differences" ("Motion to Withdraw"). ECF No. 37. The Court set a hearing on the Motion to Withdraw for May 21, 2025, and specifically ordered Plaintiff to appear. ECF No. 38. Plaintiff, however, failed to appear at the hearing. ECF No. 43. On May 22, 2025, this Court granted the Motion to Withdraw. ECF No. 44. Plaintiff has since proceeded pro se in this case.

On August 18, 2025, Defendant Kona Zodiac Ltd. ("Defendant") filed a Motion for Summary Judgment or in the Alternative Summary Adjudication ("MSJ").  ECF No. 45.  Plaintiff's deadline to file an opposition to the MSJ was September 10, 2025.  ECF No. 47.  Plaintiff did not file an opposition.

On October 24, 2025, this Court issued an Order to Show Cause, which ordered Plaintiff to show cause in writing why he did not file an opposition to the MSJ ("10/24/2025 OSC").  ECF No. 49.  The Court warned Plaintiff that failure to respond to 10/24/2025 OSC, "or failure to show adequate cause for inaction, may result in exclusion of evidence, monetary sanctions, and/or dismissal."  *Id.* at 2 (citing LR[1] 11.1, 81.1).  Plaintiff failed to file a written response to the 10/24/2025 OSC.

## DISCUSSION

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link*, 370 U.S. at 629–31 ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and

---

[1]  "LR" refers to the Local Rules of Practice for the United States District Court for the District of Hawaii.  LR1.1.

to avoid congestion in the calendars of the District Courts.")).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors").  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  For the reasons below, the Court finds that dismissal of the Second Amended Complaint is appropriate given Plaintiff's failure to prosecute.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  This case has been pending since April 2024.  Plaintiff has not filed anything since his attorneys withdrew in May 2025.  Thus, the first factor weighs in favor of dismissal.

Second, Plaintiff's failure to participate in this litigation and comply with filing deadlines has interfered with the court's ability to manage its docket.  The second factor thus weighs in favor of dismissal.

Third, the risk of prejudice to Defendant weighs heavily in favor of dismissal.  Plaintiff's inaction has impaired and will continue to impair Defendant's ability to proceed to trial and threatens to interfere with the resolution

of this case.  *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate.  Defendant filed its MSJ on August 18, 2025.  ECF No. 45.  The district court gave Plaintiff until September 10, 2025, to file an opposition.  ECF No. 47.  When Plaintiff failed to file an opposition, this Court issued the 10/24/2025 OSC giving Plaintiff two weeks, until November 7, 2025, to show cause as to why he did not file an opposition.  Given Plaintiff's lack of opposition to the MSJ and response to the 10/24/2025 OSC, Plaintiff appears to have abandoned the claims in this case.  The Court thus finds that it would be futile to recommend a lesser sanction.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits.  Thus, this final factor weighs against dismissal.  This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed.  *Malone*, 833 F.2d at 133 n.2.  Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice.  The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal.  *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015)

(concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Second Amended Complaint be without prejudice.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Second Amended Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 19, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Nguyen v. Greff, et al.*, Civil No. 24-00157 HG-KJM; Findings and Recommendation to Dismiss Plaintiff's Second Amended Complaint for Failure to Prosecute